UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JEROME C. RUZICKA, SCOTT A. NELSON, W. JEFFREY TAYLOR, LAWRENCE W. MILLER, and LAWRENCE T. HAGEN,<br><br>                  Defendants. | Criminal No.  16-246 (JRT/FLN)<br><br>MEMORANDUM OPINION<br>AND ORDER |

> Gregory G. Brooker, Interim United States Attorney, and Benjamin F. Langner, Lola Velazquez-Aguilu, and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.
>
> Casey T. Rundquist and William J. Mauzy, **MAUZY LAW PA**, 800 Hennepin Avenue, Suite 800, Minneapolis, MN  55403, for defendant W. Jeffrey Taylor.

Defendants Jerome Ruzicka, W. Jeffrey Taylor, Lawrence Miller, and Lawrence Hagen have been charged in connection with the alleged embezzlement of funds from Starkey Laboratories.  Taylor was the president of Sonion U.S. – a subsidiary of Sonion A/S –  and allegedly worked with the other Defendants to steal millions of dollars from both Starkey and Sonion.  Taylor now moves for disclosure of all communications, including oral communications, between the United States' prosecution team and representatives of Sonion, arguing that such disclosure is required by the Jencks Act,

*Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16(a)(1)(E)(i).  Finding each of these three grounds unconvincing to compel the requested disclosure, the Court will deny Taylor's motion.  However, the Court will order the United States to conduct a review to ensure that all required Jencks and *Brady* disclosures have been made.

## DISCUSSION

According to Taylor, Sonion "has made at least three document productions to the Government, through Sonion's counsel at Sidley Austin LLP," apparently in response to requests by the United States.  (Def.'s Mem. Supp. Oral Mot. for Disclosure ("Mot.") at 1, Jan. 23, 2018, Docket No. 327.)  Sonion also produced thousands of pages of documents to Defendants in response to Taylor's Rule 17(c) subpoena duces tecum.  (*Id.* at 2.)  Some of these documents were created by Sonion's then-Chief Financial Officer ("CFO"), Christian Nielson, who is expected to appear at trial as a witness on behalf of the United States.  (*Id.*)  Taylor argues that Nielsen is an agent of Sonion and, therefore, that communications between the United States and Sonion – and Sidley Austin, which Taylor says is counsel to both Sonion and Nielsen – are subject to various disclosure requirements.  (*Id.* at 3).  Taylor therefore requests that the Court order the United States to produce "all communications, including oral communications, with Sonion and its counsel at Sidley Austin." (*Id.* at 5.)

Absent controlling legal authority in either direction, Taylor reasons from legal principle, citing three different requirements to justify the disclosure he seeks.  First, the

-2-

Jencks Act requires the United States, following a motion of a defendant, "to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified" on direct examination. 18 U.S.C. § 3500(b). Second, *Brady* requires the United States to disclose evidence favorable to the defendant that "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). Third and finally, Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the United States to disclose evidence that "is material to preparing the defense." The Court shall take each in turn.

First, the Court will consider whether the Jencks Act requires the requested disclosure. If Nielsen is called to testify, the United States certainly must disclose any statements made by Nielsen in its possession. 18 U.S.C. § 3500(b). The United States says that it has already done so. However, Taylor now seeks statements made by Sonion and its attorneys. The Court recognizes that Sonion speaks only through its agents, but the simple fact remains that Sonion is not testifying at trial. The United States submits that Nielson is merely a fact witness. The Court is unpersuaded that Nielsen is appearing as a corporate representative of Sonion. The Court therefore concludes that the Jencks Act does not require the United States to disclose all communications between Sonion and the prosecution team. However, Taylor also states that Sidley Austin represents both Sonion as a corporate entity and Nielsen individually – and suspects that "many of Mr. Nielsen's communications are being filtered through his counsel at Sidley Austin" such that counsel are effectively acting as his agent. (Mot. at 3.) The Court will therefore

remind the United States of its ongoing Jencks Act obligations and order a review to determine whether Nielsen made statements through counsel or counsel made statements on Nielsen's behalf – and, if so, to disclose them, immediately.

Second, the Court will consider whether *Brady* requires the requested disclosure. Taylor argues that the materials "show Sonion's bias and the investigating agents' bias." (*Id.*) Taylor correctly states that evidence justifying attack of "the thoroughness and even the good faith of the investigation" constitutes *Brady* material. *Kyles*, 514 U.S. at 445. But the authorities Taylor cites illustrate that the sort of evidence contemplated by *Brady* is far more probative than what Taylor alleges exists within the communications between Sonion and the United States. *See id.* (failing to disclose that statements of "essential" eyewitness who "made the case" for the Government were "replete with inconsistencies"); *Mendez v. Artuz*, 303 F.3d 411, 413-16 (2d. Cir. 2002) (failing to disclose a fact that that another individual had placed a contract on the victim's life, information which "would have provided a significant boost to the defense"); *United States v. Howell*, 231 F.3d 615, 625-27 (9th Cir. 2000) (failing to disclose that police reports mistakenly stated that physical evidence was found on another person, rather than on defendant). Taylor argues that that the communications he seeks "will show that the investigation here has been uncritical," (Mot. at 4), and could be used to impeach agent testimony to the contrary. But there is nothing beyond Taylor's speculative argument to suggest that the communications between Sonion and the prosecution team contain evidence that would so clearly undermine the results of the investigation. The Court therefore concludes that *Brady* does not require the United States to disclose all

communications between Sonion and the prosecution team. However, particularly because one FBI witness has testified about the thoroughness of the investigation, *Brady* does require disclosure of any evidence that would significantly and materially call into question the efficacy and thoroughness of the investigation. The Court will therefore remind the United States of its ongoing *Brady* obligations and order a review to determine whether it has any such evidence in its possession – and, if so, to disclose it, immediately.

Finally, the Court will consider whether Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the requested disclosure. Taylor argues that the evidence "will explain and provide context for the documents Sonion produced, in that they will likely reveal who at Sonion initially created and maintained them, illuminate their relevance if any, and explain what connection the documents have with" Taylor. (Mot. at 5.) Taylor's stated purpose is broader than the situation that Rule 16's materiality requirement is designed to address. The United States has expressed its willingness to provide context and other clarification for any specific documents about which Taylor has questions. (Gov.'s Resp. at 3-4, Jan. 28, 2018, Docket No. 336.) In light of the United States' position, the Court finds that Rule 16(a)(1)(E)(i) does not require the United States to disclose all communications between Sonion and the prosecution team.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Taylor's Oral Motion for Disclosure [Docket No.

327] is **DENIED**.  However, the Court **ORDERS** the United States to conduct a review to determine whether all required Jencks Act and *Brady* disclosures have been made and to make any additional disclosures as required.

DATED:  January 29, 2018                                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                                        JOHN R. TUNHEIM
                                                                                    Chief Judge
                                                                        United States District Court