UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-246(3) (JRT/SER)

REC'D / U.S. ATTORNEY'S
SEP 10 '20 AM10:40

UNITED STATES OF AMERICA,

Plaintiff,

v.

W. JEFFREY TAYLOR,

Defendant.

**STIPULATION FOR WRIT OF CONTINUING GARNISHMENT AND FINAL ORDER OF GARNISHMENT**

The parties, the United States of America and the Defendant W. Jeffrey Taylor hereby agree and stipulate as follows:

1.  A judgment was entered against the defendant, W. Jeffrey Taylor, in this action in the amount of $338,610.14. As of August 24, 2020, the balance due and owing on the judgment is $338,251.80.

2.  Defendant agrees that his Paychex Retirement Services account, Account No. XXXXA963, in the name of William J. Taylor, is subject to garnishment by the United States for the balance due and owing on his judgment and that upon entry of a Final Order of Garnishment Paychex Retirement Services may take all steps necessary, including but not limited to the sale of securities in order to comply with this Stipulation and Final Order of Garnishment.

3.  Defendant further agrees that based upon this Stipulation the Court may enter a Writ of Continuing Garnishment and, upon receipt of Paychex Retirement Service's Answer of the Garnishee, a Final Order of Garnishment requiring Paychex Retirement

Services to take all steps necessary, including but not limited to the sale of securities, in order to pay up to the balance of the judgment over to the United States.

4.  The Defendant waives his right to object to the garnishment under Section 3205 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205, request a hearing under § 3206 and any other process to which the Defendant may be entitled under the FDCPA in connection with the Account subject to this Stipulation.

5.  The Defendant also waives his right to assert any claim for exemption from garnishment pursuant to 18 U.S.C. § 3613 to the extent any of the exemptions are applicable.

6.  The Defendant further waives any rights he could assert under Section 303 of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673, including but not limited to, limiting the garnishments of the Account to 25%.  *See also* 18 U.S.C. § 3613(a)(3); 28 U.S.C. § 3002(9) and 3205(a).

7.  The Defendant can at any time request an accounting of the funds garnished. However, the Defendant hereby knowingly waives any right that the Defendant might have under 28 U.S.C. § 3205(c)(9) to an automatic accounting.

8.  Defendant has read and understood the provisions of this Stipulation and understand that this document constitutes the entire agreement between the parties.

9.  Defendant also understand that he has the right to be represented by counsel of his own choosing but voluntarily waives that right.

10. The parties agree that this Stipulation shall not have any effect on any other efforts by the United States to enforce the restitution judgment now or in the future.

11. The parties agree that this Stipulation shall be executed in two originals (one for each party) which together comprise one agreement.

Dated: September 14, 2020

ERICA H. MacDONALD
United States Attorney

BY: ERIN M. SECORD
Assistant U.S. Attorney
Attorney ID No. 0391789
Email: erin.secord@usdoj.gov
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

Attorneys for the Plaintiff

Dated: 9-7-2020

W. JEFFREY TAYLOR, *pro se*
Defendant

3